**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                     CRIMINAL ACTION NO. 2:95-cr-00051-01

BANDELE M. JONES,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Bandele Jones' Motion for Reconsideration. [Docket 204.] For the reasons set forth below, this motion is **DENIED**.

## I. *BACKGROUND*

On September 2, 2008, the Court issued a Memorandum Opinion and Order [Docket 203] denying a motion to reduce Jones' sentence pursuant to 18 U.S.C. § 3582(c)(2). The motion was brought in light of United States Sentencing Guidelines (U.S.S.G. or Guidelines) § 2D1.1, which was amended on November 1, 2007 to reduce by two levels the offense level for crimes involving cocaine base (commonly known as crack). Subsequently, U.S.S.G. § 1B1.10 was amended to make the crack amendment retroactive. Pursuant to a Standing Order entered February 6, 2008, Jones' case was designated for review under the Standard Procedure.

As described in this Court's Memorandum Opinion and Order of September 2, 2008, the retroactive crack amendment would not alter Jones' guideline sentencing range. Jones' Total

Offense Level at the time of sentencing was 42 and his Criminal History Category was III.  This produced a guideline sentencing range of 360 months to life.  Jones was sentenced to 360 months—the bottom end of the range.  Applying amended U.S.S.G. § 2D1.1 retroactively to the calculation of Jones' sentence produces an identical guideline sentencing range of 360 months to life.  Jones conceded that he was not eligible for a reduction.  (Mem. of Def.)  For this reason, the Court denied the motion to resentence Jones.

Jones' motion to reconsider raises a new argument.  He argues that the Court should use the opportunity recalculate his sentence under U.S.S.G. § 1B1.10  to grant him what is, in effect, a de novo sentencing hearing.  Upon resentencing, Jones asks the Court to consider imposing a variant sentence for his underlying crack conviction.  He relies on a trio of recent Supreme Court decisions:[1] *United States v. Booker*, 543 U.S. 220 (2005); *Gall v. United States*, 128 S. Ct. 586 (2007); and *Kimbrough v. United States*, 128 S. Ct. 558 (2007).  Prior to the *Booker* decision in 2005, federal courts were statutorily bound to sentence defendants within the ranges established by the Guidelines.  After *Booker*, courts are required to consider the Guidelines, but are permitted to impose sentences outside the guideline ranges if other statutory considerations warrant a variant sentence.  *Booker*, 543 U.S. at 245–46.  *Gall* reinforced the discretion of districts courts to impose variant sentences, holding that courts of appeals should review variant sentences under a deferential abuse of discretion standard.  *Gall*, 128 S. Ct. at 602.  *Kimbrough* further delineated district courts' sentencing discretion, stating that it is permissible for courts to consider the disparity between crack and powder

---

[1]  Jones also refers to a Fourth Circuit decision, "*Collins*."  (Mot. to Recons. at 1.)  The reference does not include a citation and there appear to be no post-*Booker* Fourth Circuit cases with "Collins" as a party that are apposite to Jones' argument.

cocaine guideline sentences when determining an appropriate sentence under 18 U.S.C. § 3553(a).

*Kimbrough*, 128 S. Ct. at 602.

Jones argues that under *Booker* and *Gall*, the Court is not bound by the two-level guideline reduction authorized by U.S.S.G. §§ 2D1.1 and 1B1.10. Rather, he contends that because the Guidelines are merely advisory, the Court could impose a lesser sentence than the minimum guideline sentence of 360 months calculated under his reduced total offense level of 40. Jones argues not only that the Court can impose a variant sentence, but that *Kimbrough* suggests that the Court should impose a variant sentence for his underlying crack convictions.[2]

Jones raises an additional argument in the motion to reconsider. He states that the trial court erred when it sentenced him to 360 months because "the 'statutory maximum' prescribed by the statute of conviction [] is 20 year [sic]  for violation of *21 U.S.C. §§ 846, 841(b)(1)(C)*." (Mot. Recons. 3 (emphasis added).) This argument may dispensed with at the outset because Jones cites the wrong statutory provision. Jones was convicted under 21 U.S.C. § 841(a)(1) of possession with intent to distribute cocaine base, and the following quantities were attributed to him: 2,912.81 grams of crack, 229.9 grams of cocaine powder, and .151 kilograms of marijuana. Thus, the maximum sentence applicable to Jones—i.e., life imprisonment—was provided by 21 U.S.C. § 841(b)(1)(A), not § 841(b)(1)(C).

## II.  *APPLICABLE LAW*

With few exceptions, district courts may  not alter a defendant's sentence after it has been imposed. *See* 18 U.S.C. §§ 3582(c), 3742(g); Fed. R. Crim. P. 35. 18 U.S.C. § 3582(c)(2) outlines one of the exceptions:

---

[2] The Government has not filed a response to Jones' motion for reconsideration.

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). This section may be invoked for a prisoner's benefit when one of the Guidelines provisions that factored into the prisoner's sentence has been amended. The court may then revise the previously imposed sentence, provided that the court considers the relevant factors under § 3553(a) and public safety and concludes that a revised sentence would be "sufficient but not greater than necessary." *Id*. § 3553(a).

The amendments to U.S.S.G. §§ 2D1.1 and 1B1.10 have prompted a host of resentencings under § 3582(c)(2) for defendants convicted of offenses involving crack. A number of defendants throughout the country have advanced the argument Jones makes here—that courts may impose sentences lower than the minimum guideline sentence calculated with the two-level reduction. The question presented by these defendants, and by Jones, is whether *Booker* applies to proceedings under § 3582(c)(2).

The most prominent case holding that *Booker* changes the way courts should proceed under § 3582(c)(2) is *United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007), a decision of the Court of Appeals for the Ninth Circuit. In *Hicks*, the court held that *Booker* makes the Guidelines advisory "in all contexts," including § 3582(c)(2) proceedings. *Id.* at 1169. The *Hicks* court reasoned that when a Guidelines amendment prompts a court to recalculate a sentence under § 3582(c)(2), the newly calculated sentence is only advisory. Thus, the court is free to impose any sentence consistent with the § 3553(a) sentencing factors, even if it is below the revised guideline sentence. *See id*.

1170 ([D]istrict courts are necessarily endowed with the discretion to depart from the Guidelines when issuing new sentences under § 3582(c)(2).").

The *Hicks* court's holding has been followed by several district courts outside of the Ninth Circuit, *see, e.g.*, *United States v. Ragland*, 568 F. Supp. 2d 19 (D.D.C. 2008); *United States v. Shelby*, No. 95-cr-69, 2008 U.S. Dist. LEXIS 50596 (N.D. Ill. June 30, 2008); *United States v. Forty Estremera*, 498 F. Supp. 2d 468 (D.P.R. 2007), but it has not been adopted by any other courts of appeals. The contrary position—that *Booker* does not apply to properly raised § 3582(c)(2) motions—has found support in a great deal more jurisdictions. *See, e.g.*, *United States v. Moore*, 541 F.3d 1323 (11th Cir. 2008); *United States v. Ricco*, No. 1:93-cr-19, 2008 U.S. Dist. LEXIS 63210 (W.D. Va. August 19, 2008); *United States v. Menafee*, No. 3:04-cr-138, 2008 U.S. Dist. LEXIS 60765 (D. Conn. Aug. 7, 2008); *United States v. Robinson*, No. 06-cr-34, 2008 U.S. Dist. LEXIS 49696 (W.D. Pa. June 26, 2008); *United States v. Speights*, 561 F. Supp. 2d 1277 (S.D. Ala. 2008); *United States v. Davis*, No. CR99-0073-LRR, 2008 U.S. Dist. LEXIS 43647 (N.D. Iowa June 3, 2008); *United States v. Julien*, 550 F. Supp. 2d 138 (D. Me. 2008); *Montes v. United States*, 07-cv-9869, 2008 U.S. Dist. LEXIS 26985 (Apr. 3, 2008); *United States v. Miller*, No. 2:05-cr-251, 2008 U.S. Dist. LEXIS 22732 (S.D. W. Va. March 21, 2008). The Fourth Circuit likewise has declined to adopt the *Hicks* court's view of post-*Booker* § 3582(c)(2) proceedings. *See United States v. Outlaw*, 281 Fed. App'x 220 (4th Cir. 2008) (unpublished) (holding that a variant sentence pursuant to *Booker* is a form of relief "unavailable under § 3582(c)(2)"); *United States v. Hudson*, 242 Fed. App'x 16 (4th Cir. 2007) (unpublished) (holding that it is not an abuse of discretion for district court to refrain from applying *Booker* in § 3582(c)(2) proceeding).

III. *DISCUSSION*

Jones' argument that *Booker* should apply in the context of his § 3582(c)(2) motion is contrary to the overwhelming weight of authority. It is also unpersuasive on its merits. *Booker* was not an invitation for courts to disregard the Guidelines. *See Booker*, 543 U.S. at 245. It merely severed and excised two subsections of the Sentencing Reform Act of 1984. *Id*. The first of the invalidated subsections, 18 U.S.C. § 3553(b)(1), made the Guidelines mandatory and binding on district courts when imposing sentences on criminal defendants.[3] *See Booker*, 543 U.S. at 259. Jones contends, like the Ninth Circuit in *Hicks*, that that the invalidation of § 3553(b)(1) makes the Guidelines advisory in all contexts. This argument is unpersuasive. At issue in Jones' case is not this Court's statutory authority to impose a sentence; Jones asks this Court to invoke its statutory authority to *modify* a sentence of imprisonment. The distinction is significant.

In the absence of express authority to the contrary, a district may not modify a previously imposed sentence of imprisonment. *See* 18 U.S.C. §§ 3582(c), 3742(g); Fed. R. Civ. P. 35. Jones asks this Court to exercise its authority under § 3582(c)(2) to modify his sentence. Under this section, the Court may modify Jones' sentence in response to an amended Guideline provision "*if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission*." 18 U.S.C. § 3582(c)(2) (emphasis added). The amendment to U.S.S.G. § 2D1.1 permits this Court to consider a motion to reduce Jones' sentence. However, § 3582(c)(2) is the source of this Court's jurisdiction to modify Jones' sentence and the Court cannot ignore § 3582(c)(2)'s instruction that any sentence reduction must comport with the policy statements found

---

[3] The second invalidated subsection, 18 U.S.C. § 3742(e), pertains to the courts of appeals' standard of review when reviewing sentences. It is not relevant to the present discussion.

-6-

in the Guidelines.  *See United States v. Cruz*, 560 F. Supp. 2d 198, 202 (E.D.N.Y. 2008) (collecting cases).  The Court is bound by the Sentencing Commission's policy statement that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range."  U.S.S.G. § 1B1.10(b)(2)(A).  This policy statement, in conjunction with § 3582(c)(2), precludes any authority for this Court to reduce Jones' sentence below the 360 month guideline minimum.

Contrary to Jones' assertions, *Booker* does not alter this Court's obligation to follow the Sentencing Commission's policy statements when considering a sentence modification under § 3582(c)(2).  As noted above, *Booker* invalidated statutory provisions that made the Guidelines mandatory and binding on courts when imposing sentences on criminal defendants.  The Supreme Court's rationale for its holding in *Booker* is that "the Sixth Amendment is violated by the imposition of an enhanced sentence under the United States Sentencing Guidelines based on the sentencing judge's determination of a fact (other than a prior conviction) that was not found by the jury or admitted by the defendant. . . . [T]he Sixth Amendment requires juries, not judges, to find facts relevant to sentencing."  *Booker*, 543 U.S. at 245 (citing *Apprendi v New Jersey*, 530 U.S. 466 (2000), *Blakely v Washington*, 542 U.S. 296 (2004)).

Modifying a sentence under § 3582(c)(2) does not implicate the same Sixth Amendment concerns that troubled the Supreme Court in *Booker*.  First, a defendant's sentence can be reduced, but never enhanced, under § 3582(c)(2).  Second, a court does not engage in fact-finding when determining whether a defendant's sentence should be reduced subsequent to an amended sentencing guideline level.  Rather, § 3582(c)(2) requires to the district court to calculate the defendant's revised guideline sentence range and modify the sentence to the extent that the guideline range has

been altered—provided, of course, that modification is consistent with the factors set forth in 18 U.S.C. § 3553(a).  Thus, there is no justification for extending *Booker*'s reasoning to sentence modifications under § 3582(c)(2).[4]

The Court does not have the authority to reduce Jones' sentence below that which is provided for by § 3582(c)(2) and the applicable provisions of the Guidelines.  Therefore, his Motion to Reconsider [Docket 204] is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to the Defendant and counsel, and the United States Attorney.

ENTER:        November 12, 2008

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

[4]  As stated above, Jones also cites the holdings in *Kimbrough* and *Gall*.  Each of these decisions relies on *Booker*, and like *Booker*, they pertain to a district court's authority to impose (rather than modify) sentences.  Accordingly, they do not provide support for Jones' argument.