IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BANDELE M. JONES,

        Petitioner,

v.                                          CIVIL ACTION NO. 2:10-cv-00130
                                                  Criminal Action No. 2:95-00051-01

UNITED STATES OF AMERICA,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the Petition for Writ of Audita Querela [Docket 229] filed by Petitioner Bandele M. Jones (Petitioner). This action was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition (PF&R), pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted her PF&R, recommending that the court deny Petitioner's Petition for Writ of Audita Querela for failing to state a claim on which relief can be granted. (Docket 237 at 12.) On May 25, 2010, Petitioner objected to the PF&R, and he reasserted his arguments.

Magistrate Judge Stanley concluded that the requested writ is not a suitable device for challenging a conviction or sentence. The Court agrees. The fact that a habeas petitioner cannot meet the procedural requirements for bringing a successive § 2255 motion does not render the § 2255 remedy unavailable. *See, e.g.*, *United States v. Gibson*, 389 F. App'x 230, 230 (4th Cir. 2010) (unpublished) ("The fact that [a petitioner] cannot proceed under § 2255 unless he obtains authorization from this court to file a successive motion does alter [the] conclusion [that a writ of

audita querela is unavailable]."); *see also United States v. Carrington*, 503 F.3d 888, 890 (9th Cir. 2007) ("[T]he statutory limits on second or successive habeas petitions do not create a 'gap' in the post-conviction landscape that can be filled with the common law writs."). Likewise, simply because a petitioner would be unsuccessful on the merits of his § 2255 petition does not render § 2255 an inadequate vehicle for presenting the claims to a court on collateral review. *See United States v. Aguilar*, 164 F. App'x 384, 384 (4th Cir. 2006) (unpublished) ("[B]ecause § 2255 exists as a vehicle for collaterally attacking a conviction or sentence, the use of an extraordinary writ [of audita querela] for the same purpose is inappropriate."). The magistrate judge is correct to state that where, as here, a petition clearly challenges the validity of a petitioner's underlying sentence, a § 2255 motion is the appropriate legal proceeding to request relief. *See In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). Therefore, a writ of audita querela is not a suitable device for challenging Petitioner's sentence.

Moreover, even if Petitioner could file a petition for a writ of audita querela, his arguments would fail. *Apprendi v. New Jersey*, *Blakely v. Washington*, and *United States v. Booker* do not apply retroactively to cases on collateral review, whether they are styled as § 2255 petitions or petitions for writ for audita querela. *See United States v. Fowler*, 133 F. App'x 922, 922-23 (4th Cir. 2005) (unpublished) ("[N]either *Booker* nor *Blakely* announced a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review."); *United States v. Morris*, 429 F.3d 65, 72 (4th Cir. 2005) ("[T]he rule [announced in *Booker*] is not available for post-conviction relief for federal prisoners . . . whose convictions became final before *Booker* (or *Blakely*) was decided."); *San-Miguel v. Dove*, 291 F.3d 257, 261 (4th Cir.), *cert. denied*, 537 U.S. 938 (2002) (*Apprendi* does not apply retroactively).

Thus, Petitioner's objections are not meritorious. Accordingly, the Court **ADOPTS** and incorporates herein the findings and recommendation of the Magistrate Judge, and **DENIES** the Peitition for Writ of Audita Querela [Docket 229].

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Stanley, counsel of record, and any unrepresented party.

        ENTER:      February 23, 2011

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE