**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                  CRIMINAL ACTION NO. 2:95-cr-00051-01

BANDELE M. JONES,

                Defendant.

**MEMORANDUM OPINION AND JUDGMENT ORDER**

Pending before the Court is Defendant's motion, brought pursuant to 18 U.S.C. § 3582(c)(2), to reduce Defendant's sentence based on a subsequent reduction in the applicable Sentencing Guidelines (the "Motion"). (ECF 287.) On November 1, 2014, the United States Sentencing Guidelines were amended resulting in reductions in the Guidelines in Section 2D1.1. This Guideline reduction was given retroactive effect. However, any order reducing a defendant's term of imprisonment due to these amendments must have an effective date of November 1, 2015, or later.

The Court received the original Presentence Investigation Report ("PSR"), original Judgment and Commitment Order and Statement of Reasons, plea agreement, and addendum to the PSR from the Probation Office. In the addendum, the probation officer states that Defendant is not eligible for a sentence reduction because, under the 2014 edition of the Sentencing Guidelines, the applicable quantity of marijuana equivalency at sentencing—58,302 kilograms—results in a

1

base offense level of 36, total offense level of 40, and the same Guideline imprisonment range of 360 months to life.

By its order, dated April 29, 2015 (the "Order"), the Court designated this case for Standard consideration. (ECF 288.) Pursuant to the Order, the United States filed its briefing regarding Defendant's eligibility for a sentence reduction on May 1, 2015. (ECF 289.) In its briefing, the United States concurs with the assessment of the probation officer and states that "Defendant's sentencing range does not change with application of the 2014 Amendment." (*Id.* at 1.)

Defendant subsequently filed his briefing related to this topic on May 8, 2015. (ECF 291.) In his briefing, Defendant argues that—under the 2014 edition of the Sentencing Guidelines—the marijuana equivalency quantity at issue is 10,447.77 kilograms, which "produces a base offense level of 34," a "new final offense level [of] 38," and a new Guideline imprisonment range of "292 to 365 months." (*Id.* at 2.) Defendant asserts that "[b]ecause his sentencing range has been reduced by the 2014 Guideline amendments, [Defendant] is eligible for a reduced sentence." (*Id.*)

The Court agrees with Defendant. The difference between the positions of the parties is that Defendant considers the impact of the 2011 amendments to the Guidelines to the applicable marijuana equivalency amount, while the probation officer and the United States rely on the quantity of marijuana equivalency applied by the court at sentencing.

The PSR found that the following drugs were attributable to Defendant at the time of sentencing: 2,912.81 grams of cocaine base, 229.9 grams of cocaine powder, and 151 grams of marijuana. (PSR ¶ 50.) The edition of the Guidelines applicable at sentencing provided the following conversion rates for the two cocaine-related substances: 1 gram of cocaine base equaled

20 kilograms of marijuana equivalency and 1 gram of cocaine powder equaled 200 grams of marijuana equivalency. (*Id.* ¶¶ 57–58.) An application of these conversion rates resulted in a total marijuana equivalency attributable to Defendant of 58,302.22 kilograms. (*Id.* ¶ 60.) This quantity resulted in a base offense level of 38, a total offense level of 42, and—with a criminal history category of III—a Guideline imprisonment range of 360 months to life. (*Id.* ¶ 94.) The court adopted this analysis and sentenced Defendant at the bottom of this range—360 months of imprisonment. (ECF 55 at 2.)

In 2011, the Guidelines were amended, in part, to drastically reduce the marijuana equivalency conversion rate for cocaine base. Following these amendments, the conversion rate for 1 gram of cocaine base was reduced from 20 kilograms to 3,571 grams. *See, e.g.*, U.S. Sentencing Commission, Amendments to the Sentencing Guidelines 10 (Apr. 28, 2011) ("To provide a means of obtaining a single offense level in cases involving crack cocaine and one or more other controlled substances, the amendment . . . establishes a marihuana equivalency for crack cocaine under which 1 gram of crack cocaine is equivalent to 3,571 grams of marihuana."). In this case, the 2011 amendments reduced the total quantity of marijuana equivalency attributable to Defendant from 58,302.22 kilograms to 10,447.77 kilograms. (*E.g.*, ECF 263 at 2.) However, these amendments did not result in a reduction in Defendant's Guideline imprisonment range. (ECF 264 at 2.)

The 2014 amendments to the Guidelines, on the other hand, do result in a reduction in Defendant's Guidelines imprisonment range. Under the current edition of the Guidelines, the quantity of marijuana equivalency attributable to Defendant (10,447.77 kilograms) results in a base offense level of 34, *see* U.S.S.G. § 2D1.1(c)(3), total offense level of 38, and—with a

3

criminal history category of III—a new Guidelines imprisonment range of 292 to 365 months. Accordingly, the Court finds Defendant is eligible for a sentence reduction due to the November 1, 2014 amendments to the Sentencing Guidelines.

Based on the foregoing considerations, the Court **GRANTS** the Motion. (ECF 287.) The Court **ORDERS** that Defendant's previous sentence of imprisonment is reduced to a period of 292 months, with credit for time served to date. The Court further **ORDERS** that this Memorandum Opinion and Judgment Order shall become effective on November 1, 2015, and is subject to the prohibition contained within U.S.S.G. §1B1.10(b)(2)(C).

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:        June 5, 2015

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

4